**RECEIVED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

MAR 3 1 2005

CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MACALESTER COLLEGE, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 05-662 DWF/SRN<br><br>COMPLAINT<br><br>Jury Trial Demand |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation. Specifically, Defendant Macalester College discriminated against Nathaniel Longley when it retaliated against him because he opposed a practice which he believed in good faith to be unlawful under Title VII. Defendant's action violated Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), which prohibits retaliation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) ("Title VII").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. The Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Macalester College has continuously been a Minnesota non-profit corporation doing business in the State of Minnesota and the City of St. Paul, and has continuously had at least 15 employees.

5. At all relevant times, Macalester College has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Longley filed a charge with the EEOC alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant retaliated against Longley by refusing to renew his teaching contract because he complained that he had not been selected for a tenure track position because of his sex and race. Defendant's action are in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), which makes it an unlawful employment practice for an employer to discriminate against an employee because he has opposed practices made unlawful under Title VII.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Longley of equal employment opportunities and otherwise adversely affect his status as an employee because of retaliation.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Longley.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of retaliation.

B. Order Defendant to make whole Longley by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Longley.

C. Order Defendant to make whole Longley by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraph 7 above, in amounts to be determined at trial.

D. Order Defendant to make whole Longley by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional distress and humiliation, in amounts to be determined at trial.

E. Order Defendant to pay Longley punitive damages for its malicious and reckless conduct, complained of in paragraphs 7 and 10 above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the EEOC its costs of this action.

### JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

Dated: 3-31-05

Jean P. Kamp
Regional Attorney

Dated 3-31-05

Laurie Vasichek (171438)
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Minneapolis Area Office
330 South Second Avenue, Suite 430
Minneapolis, MN 55401-2224
(612) 335-4061